

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed May 16, 2018

United States Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: THRIKIELD FRED THOMPSON | § § | Case No. 14-42231-rfn 13 |
| | § | Chapter 13 |
| 3833 CAREY STREET | § | |
| FORT WORTH, TX 76119 | § | |
| Property | § | |
| | § | |
| | § | |

## AGREED ORDER CONDITIONING AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by OCWEN LOAN SERVICING, LLC, its successors and/or assigns AS MORTGAGE SERVICER for U.S. BANK N.A., IN ITS CAPACITY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2001-NC3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2001-NC3, its successors and/or assigns (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel for Movant and for the Debtors as set out herein, is of the opinion that the following Agreed Order should

be entered. It is therefore ORDERED, ADJUDGED, AND DECREED that:

1. <u>Automatic Stay</u>: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect subject to the terms and conditions outlined herein.

2. <u>Current Monthly Payments</u>: Effective with the **JULY 1, 2018** monthly payment, Debtors shall resume making all future ongoing monthly payments as they become due to the Chapter 13 Trustee pursuant to that certain Note and Deed of Trust and attached as an exhibit to Movant's Motion for Relief from Stay to the following address:

    OCWEN LOAN SERVICING, LLC
    ATTN: CASHIERING DEPARTMENT
    1661 Worthington Road, Suite 100
    West Palm Beach, FL 33409

3. <u>Modify Plan</u>: Debtors shall have 30 days from the date of entry of this order to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs detailed below to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments, additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Payments | 1/2018 - 6/2018 (6 * $620.31) | $3,721.86 |
| Suspense | | $-287.22 |
| Current Attorney Fees | | $519.00 |
| Filing Fee | | $181.00 |
| Grand Total | | $4,134.64 |

The "Post Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant (Additional Claim) in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. 1325 (Confirmed Plan), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. § 1329 (Post Confirmation Modification), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Modification Confirmation. If the Plan has not been previously confirmed by the Court, the DEBTOR shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C 1323 to provide for the Additional Claim. The Trustee reserves the right to object to Debtor's modification.

13-003378-670

4. <u>Payments to Trustee</u>: Debtors shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. <u>Discharge:</u> Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. <u>Conversion to Chapter 7</u>: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7. <u>Effect of Non-sufficient Funds</u>: Debtors' tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute payment as required by the terms of this order.

8. <u>Default</u>: In the event the Debtors fail to comply with the provisions of Paragraphs 2, 3 or 4 of this Agreement, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and to Debtors counsel and shall allow the Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s) or delinquent actions. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payment(s) or actions within such 10-day period or in the event that Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have including but not limited to contacting the Debtor by telephone or written correspondence and, at it option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement regarding the collateral described as:

LOT 18, BLOCK 12, EASTWOOD ADDITION, FIFTH FILLING, TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-12, PAGE 6, DEED RECORDS, TARRANT COUNTY, TEXAS.

13-003378-670

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtor's attorney and the Chapter 13 Trustee of the termination of the Automatic Stay and the basis therefore. In the even that the stay terminates as to the Property and the Property is foreclosed, i.e., Debtor(s) no longer have title to the Property, Movant is relieved of the requirements set forth in FRBP 3002.1 with respect to the Property.

Notice of Termination of Stay shall also constitute a request that the Chapter 13 Trustee cease disbursements on the claim filed by Movant in this proceeding.

IT IS SO ORDERED

#### END OF ORDER ####

Approved As to Form and Substance:

WELDON REED ALLMAND / Jim morrison
State Bar No. 14519050
860 AIRPORT FREEWAY, SUITE 401
HURST, TX 76054
Telephone: 214-265-0123
Facsimile: (214) 265-1979
E-mail: dallasecf@allmandlaw.com
ATTORNEY FOR DEBTORS


/s/ Chelsea Schneider
Chelsea Schneider
State Bar No.: 24079820
Mackie Wolf Zientz & Mann, P.C.
Parkway Office Center, Suite 900
14160 North Dallas Parkway
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
cschneider@mwzmlaw.com

13-003378-670